IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Julie Wagner,                                )<br>                                                    )<br>           Plaintiff,                           )<br>                                                    )<br>v.                                               )<br>                                                    )<br>NATIONAL ACTION FINANCIAL,   )<br>A/K/A NAFS                                 )<br>           Defendant.                       ) | Case No. _____<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, Julie Wagner, by and through her attorneys, Pamela A. Car and William L. Reinbrecht, and alleges and states that this is an action brought by an individual consumer for Defendant's violations of the FAIR DEBT COLLECTION PRACTICES ACT, (hereinafter referred to as the FDCPA ) 15 U.S.C. §1692 *et. seq.* and the Telephone Consumer Protection Act (TCPA). In support of her claims, the Plaintiff states and alleges as follows:

**JURISDICTION AND PARTIES**

1. That subject matter jurisdiction of the Court arises under 15 U.S.C. 1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in the Court for the reason that the claims on which the transactions took place happened in the state of Nebraska in the Judicial district.

3. That at all times relevant hereto, Plaintiff was a resident of Omaha, NE.

4. That Defendant National Action Financial Services, a/k/a NAFS (hereinafter referred to as "NAFS") is a collection agency and a corporation organized and existing under the laws of Pennsylvania and doing business in the state of Nebraska and elsewhere.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW the Plaintiff and for her First Cause of Action against the Defendant, states and alleges as follows:

5. That the Plaintiff is a natural person and a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C.§1692 (a)(3).

6. That the Defendant is a collection agency which is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such is a debt collector within the meaning of 15 U.S.C. §1692 (a)(6).

7. That all times relevant hereto the Defendant was attempting to collect an alleged consumer debt alleged to be in default by the Plaintiff from a creditor, for personal, family, or household purposes.

8. That during the course of attempting to collect the alleged debt, Defendant NAFS called several times in March 2010, refused to provide verification and did not notify the Plaintiff of her rights. Additionally on March 26, 2010, Defendant left the following automated message on Plaintiff's cell phone:

This is an important message for Julie Wagner. If you are not Julie Wagner please hang up. ..

This message indicated it was from NAFS and was an attempt to collect the debt. The automated prerecorded message was left on at least the following occasions: March 23, 2010 and March 26, 2010.

9. That the Defendant violated the FDCPA in the following particulars:
   a) by revealing the name of the consumer about the alleged debt without the prior consent of the consumer in violation of 15 U.S.C. §§ 1692b and 1692c.

    b)  by making any false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning the consumer in violation of 15 U.S.C. § 1692e(10).

  WHEREFORE, Plaintiff prays for a judgment against the Defendant for actual damages and for statutory attorney fees in a reasonable amount and a statutory award of up to $1,000.00 and for further relief as the Court shall deem appropriate.

**COUNT II**
**Telephone Consumer Protection Act (TCPA)**

  COMES NOW, the Plaintiff and for her Second Cause of Action, states and alleges as follows:

  10. Plaintiff repeats and incorporates the foregoing allegations contained above as if more fully set therein.

  11. At all times relevant hereto, Plaintiff was an individual residing within the state of Nebraska, and is a "person" as defined by 47 U.S.C. § 153(10).

  12. That Defendant is a New York corporation and is a "person" as defined by 47 U.S.C. § 153(10).

  13. Defendant conducts business in the state of Nebraska.

  14. Plaintiff does not, and at all times mentioned herein did not, have a prior existing business relationship with Defendant.

  15. From and after March 1, 2010, Defendant contacted Plaintiff via telephone, on dates including, March 23, 2010 and March 26, 2010 through an "unsolicited advertisement" by way of a "telephone solicitation," as these terms are defined by 47 U.S.C. § 227(a)(3), to her residential telephone line using an artificial or pre-recorded voice to deliver a prerecorded message using an automatic telephone dialing system.

16. These telephone calls were made by Defendant to Plaintiff's cell phone without Plaintiff's prior expressed consent in violation of 47 U.S.C. § 227(b)(i)(B).

17. Upon information and belief, Defendant contacted Plaintiff via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(i).

18. These calls were made without Plaintiff's prior expressed consent in violation of 47 U.S.C. § 227(b)(i)(B).

19. The foregoing acts and omissions of Defendant constitute numerous and multiple intentional and negligent violations of the TCPA, including but not limited to, the above provisions of 47 U.S.C. § 227 *et seq*.

20. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each violation.

21. That the foregoing acts and omissions of the Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including those cited above.

22. That Plaintiff is entitled to receive damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff respectfully requests that the court grant Plaintiff the following relief:

a) $500.00 in statutory damages for each violation for Defendant's negligent acts.

b) $1,500.00 in statutory damages for each knowing and/or willful violation.

c) Attorney fees and costs.

Dated: October 12, 2010

JULIE WAGNER
    Plaintiff,

By: s/Pamela A. Car
    Pamela A. Car #18770
    William L. Reinbrecht, #20138
    Car & Reinbrecht, P.C., L.L.O.
    8720 Frederick St. # 105
    Omaha, NE 68124
    (402) 391-8484 phone
    (402) 391-1103 fax
    carlaw@uswest.net –e-mail
    Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

By: s/Pamela A. Car
    Pamela A. Car #18770
    William L. Reinbrecht, #20138
    Car & Reinbrecht, P.C., L.L.O.
    8720 Frederick St. # 105
    Omaha, NE 68124
    (402) 391-8484 phone
    (402) 391-1103 fax
    carlaw@uswest.net –e-mail
    Attorneys for Plaintiff